THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
Joseph P. Wilson (SBN 228180)
Assistant United States Attorney
   Room 7211 Federal Building
   300 North Los Angeles Street
   Los Angeles, CA 90012
   Telephone: (213) 894-4600
   Facsimile: (213) 894-4961
   Email: Joseph.P.Wilson@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED
CLERK, U.S. DISTRICT COURT

MAY 6 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

WILLIAM A. FRANCIS; ELLEN J.
FRANCIS; NEW CENTURY
MORTGAGE CORPORATION; and
STATE OF CALIFORNIA
FRANCHISE TAX BOARD,

        Defendants.

Case No. CV 07-4945 GHK (SHx)

[PROPOSED]

JUDGMENT AND ORDER OF SALE

Motion Hearing:

Before: Honorable Judge Feess KING
Date: December 8, 2008
Time: 9:30 a.m.
Location: Roybal Federal Building and
US Courthouse, Ctrm. 740, 255 East
Temple Street Los Angeles, CA 90012

    The Motion for Summary Judgment filed by the United States of America
(Plaintiff), came on for hearing before the Court on December 8, 2008.  Based on
the papers filed in this case, the arguments advanced at the hearing, and all other
matters properly made part of the record,

**IT IS ORDERED:**

*Reduce Assessments to Judgment*

    1.    As of October 31, 2008, the unpaid tax liability of William A. Francis
and Ellen J. Francis was $424,328.75, and included both assessed and accrued

1

liabilities (federal income taxes, additions to tax, interest, fees and collection costs), for tax years 1996 through 2003, inclusive.

2.     The taxpayers are jointly and severally, personally liable and indebted to the United States of America for their unpaid tax liability, including subsequent additions to tax and interest as permitted by law, until the liability is paid in full.

3.     The unpaid tax liability, including subsequent additions to tax and interest as permitted by law, until paid in full, is reduced to judgment against William A. Francis and Ellen J. Francis, jointly and severally, resolving the first cause of action in the Complaint in favor of the United States.

***Foreclosure of Federal Tax Liens***

4.     The United States of America has valid federal tax liens, in the amount of the unpaid tax liability, against the property interests of the taxpayers.

5.     The taxpayers are owners as husband and wife of the real property located at, and commonly referred to as, 3111 Peters Circle, Glendale, California 91208 (the subject property), legally described as Lot 14 of Tract No. 29116, in the City of Glendale, County of Los Angeles, State of California, as per Map recorded in Book 473 pages 16 to 18, inclusive, of Maps, in the Office of the County Recorder of said County. The Assessor Parcel No. for the subject property is 5616-010-012.

6.     The federal tax liens are hereby foreclosed against the taxpayers' interest in the subject property.

7.     The subject property is ordered to be sold by the Area Director of the Internal Revenue Service, Los Angeles, California Area (hereinafter "Area Director"), or his delegate, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

8.     Any party to this proceeding or any person claiming an interest in the subject property may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a private sale of the subject property. Any such

2

motion shall be filed within twenty (20) days of the date of this Judgment and shall set forth with particularity (a) the nature of the moving party's interest in the subject property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale. Any such motion shall comply with Rule 7 of the Local Rules of the District Court for the Central District of California.

9. The Area Director, or his delegate, is ordered to sell the subject property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with 28 U.S.C. §§ 2001(a) and 2002. The property shall be sold at a public sale to be held at the United States Courthouse, 312 North Spring Street, Los Angeles, California, as follows:

    a. Notice of the sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Los Angeles County, California. Said notice shall describe the property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

    b. The terms and conditions of sale shall be as follows:

        i. The Internal Revenue Service shall appraise the current fair market value of the subject property (appraised value).

        ii. The minimum bid shall be 75% of the appraised value.

        iii. Countrywide Home Loans, as successor in interest to New Century Mortgage (Countrywide), may bid a credit against its lien interest in the subject property as set forth herein, without tender of cash.

3

iv.  The United States of America may bid a credit against its judgment and interest thereon, costs, and expenses, without tender of cash, except that if the property is sold to the United States of America pursuant to such a credit bid, before taking title to the property the United States must satisfy the lien claim of Countrywide as set forth herein, by paying the amount of such lien claim to Countrywide.

v.  The terms of sale as to all other persons or parties bidding shall be cash.  The successful bidder shall be required to deposit with the Area Director cash equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder; and the remaining eighty percent (80%) of said purchase price is to be paid on or before 5:00 p.m., within three (3) days of the date of sale.

vi.  Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty, and said deposit shall be paid over and delivered to the United States to be applied toward payment of said penalty.  Payment of said penalty shall not be a credit on the judgment of the United States.

c.  Upon selling the subject real property, the Area Director, or his delegate, shall prepare and file with this Court an accounting and report of sale and shall give to the purchaser a Certificate of Sale containing the description of the property sold and the price paid.  The accounting and report of sale shall be filed within ten (10) days from the date of sale.  If no objections have been filed in writing in this

4

1   cause with the Clerk of the Court, within fifteen (15) days of the date

2   of sale, the sale shall be confirmed without necessity of motion, and

3   the Area Director shall be directed by the Clerk of the Court to

4   execute and deliver his deed to said purchaser.

5   d. Possession of the property sold shall be yielded to the purchaser upon

6   the production of the Certificate of Sale and Deed; and if there is a

7   refusal to so yield, a Writ of Assistance may, without further notice,

8   be issued by the Clerk of this Court to compel delivery of the property

9   sold to the purchaser.

10  e. The Area Director shall apply the proceeds of sale to expenses of sale

11  and then in the following order of priorities:

12      i. First, in satisfaction of any unpaid property taxes owing to the

13      County of Los Angeles as secured against the subject real

14      property on the date of sale;

15      ii. Second, to Countrywide, in satisfaction of its secured claim;

16      iii. Third, to the United States of America (Internal Revenue

17      Service) and the State of California (Franchise Tax Board), in

18      partial satisfaction of the outstanding tax liabilities, and

19      distributed based on assessment date as follows:

| Creditor | Claim Type | Assessment Date | Document Number |
|---|---|---|---|
| Internal Revenue Service | NFTL 1996 | 09/22/97 | 95-9884857 |
| Franchise Tax Board | NSTL 1996 | 10/29/97 | 98321-000427 |
| Internal Revenue Service | NFTL 1997 | 10/12/98 | 95-0135441 |
| Franchise Tax Board | NSTL 1997 | 10/29/98 | 98321-000427 |
| Franchise Tax Board | NSTL 1998 | 10/28/99 | 00013-000978 |
| Internal Revenue Service | NFTL 1998 | 11/15/00 | 95-0008988 |
| Franchise Tax Board | NSTL 1999 | 10/23/00 | 01156-363791 |
| Internal Revenue Service | NFTL 1999 | 11/20/00 | 95-0132386 |
| Franchise Tax Board | NSTL 2000 | 10/25/01 | 02009-670025 |
| Internal Revenue Service | NFTL 2000 | 11/26/01 | 95-0247318 |
| Internal Revenue Service | NFTL 2001 | 11/11/02 | 10-3784303 |

5

| Creditor | Claim Type | Assessment Date | Document Number |
|---|---|---|---|
| Internal Revenue Service | NFTL 2002 | 07/14/03 | 18-0975104 |
| Internal Revenue Service | NFTL 2003 | 09/13/04 | 20-5707404 |
| Franchise Tax Board | NSTL 2003 | 09/14/04 | 07137-310826 |

    iv. Fourth, if any surplus remains after making the aforesaid payments, the Area Director, or his delegate, shall so report, and return and pay the same into the registry of this Court for distribution under further order of this Court.

    10. Court hereby retains jurisdiction of this action for the purpose of making proper distribution of any surplus of the proceeds of sale, pursuant to the Area Director's Accounting and Report of Sale.

**IT IS SO ORDERED.**

DATED: _5/6/09_

_____
~~GARY ALLEN FEESS~~ GEORGE KING
United States District Judge

Respectfully presented by:

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

_____
JOSEPH P. WILSON
Assistant United States Attorney
Attorneys for United States of America

6